UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 16-095-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 19-329-DCR |
| | ) | |
| DEMETRIUS DIOR MCGEE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Demetrius McGee has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 84] The motion will be denied because it was not filed within the one-year period outlined in § 2255(f) and McGee cannot show any viable reason to toll this limitations period.

## I.

McGee pleaded guilty on March 10, 2017, to conspiring to distribute methamphetamine, heroin, fentanyl, and furanylfentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 41] He was sentenced on July 25, 2017, to a term of incarceration of 121 months, to be followed by a 5-year term of supervised release. [Record No. 59] McGee did not file a direct appeal.

McGee, however, submitted *a pro se* motion requesting leave to file an untimely § 2255 in February 2019. [Record No. 82] He requested an extension until May 1, 2019, to file his motion. [*Id.*] McGee claimed that he could establish good cause to support an extension of time based on excusable neglect because he was transferred to multiple prisons, he did not

have access to his legal documents, and he did not have access to the courts. [*Id.*] The motion was denied because "the court [could] not consider the timeliness of a § 2255 motion until the petition [was] actually filed." *Starnes v. United States*, 18 F. App'x 288, 293 n.2 (6th Cir. 2001); *see also United States v. Asakevich*, 810 F.3d 418 (6th Cir. 2016); *Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001) (concluding the district court did not have the authority to grant the petitioner's motion for leave to file an untimely § 2255).

McGee has now filed a § 2255 petition, claiming that the government violated his due process rights in handling the motion for an upward departure from his sentencing guidelines range. [Record No. 84] He further asserts that his counsel was ineffective. [*Id.*] McGee notes that he wished to file an appeal but his attorney coerced him into forgoing that action. He further claims that his attorney did not advise him of his rights under § 2255 and he did not find out about those rights until he arrived at FCI Sandstone. McGee asserts that he would have moved for § 2255 relief within the time prescribed had he known about the opportunity to file a motion.

## II.

Petitioners may file a motion under 28 U.S.C. § 2255 within one year from the latest of four dates – here, it is from the date of which the conviction became final. 28 U.S.C. § 2255(f)(1). A conviction becomes final when the time for direct review has passed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012). McGee had fourteen days from the entry of judgment within which to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A).

Accordingly, his conviction became final on August 8, 2017, and McGee had one year from that date to file a timely habeas petition.

The Court, however, may allow McGee to file a § 2255 petition under the doctrine of equitable tolling if he can show that "(1) he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The second element of the equitable tolling test is satisfied "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe v. United States,* 136 S. Ct. 750, 756 (2016). Equitable tolling is applied "sparingly." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

The United States Court of Appeals for the Sixth Circuit found in *Solomon v. United States* that the petitioner diligently pursued his rights. 467 F.3d 928, 933-34 (6th Cir. 2006). The petitioner had limited access to the law library; he was transferred without his legal materials to a different facility; and when he was transferred, he was placed in administrative detention. *Id.* Further, he repeatedly asked prison staff members for the phone number of the clerk's office to notify the court of his situation. He also attempted to file a notice of intent to file a § 2255 petition. *Id*. at 934. Additionally, he filed his petition within a month of being sent back to his original prison. The court concluded that the prison transfer was an "external circumstance" that prevented him from filing his petition on time and he diligently pursued his rights. Conversely, the court in *Hall v. Warden Lebanon Corr. Inst.* concluded the petitioner

did not diligently pursue his rights even though he was *pro se*, did not have access to his transcripts, and had limited law library access. 662 F.3d 745, 751-52 (6th Cir. 2011).

This Court has previously found that equitable tolling was inapplicable when a petitioner was transferred to state custody and waited six months after returning to federal custody before seeking collateral relief. *United States v. Magiera*, No. 12-32, 2014 U.S. Dist. LEXIS 150001, *3-4 (E.D. Ky. Oct. 21, 2014). The Court explained that "institutional transfers, periods of confinement under more restrictive conditions than the general population, and a lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are the usual incidents of prison life." *Id*. at *3 (internal citations and quotations omitted).

Here, McGee cannot demonstrate that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way and prevented timely filing of his § 2255. He waited more than six months past the deadline to file a motion for leave to file an untimely § 2255 motion. McGee then waited another six months before filing his untimely § 2255. McGee previously asserted in his motion for leave to file an untimely petition that his delay in filing was caused by being transferred to different facilities and not having access to his legal documents or the courts.

While McGee's situation shares some similarities with the petitioner in *Solomon*, he is more similar to the facts presented in *Hall* and *Magiera*. McGee claims that he lacked access to his legal documents and dealt with two prison transfers, but he did not take the take steps like the petitioner in *Solomon* to diligently exercise his rights. McGee clearly knew about the deadline to file his § 2255 but he waited until more than six months after the deadline to request leave to file. He then waited an additional six months to actually file his petition. McGee

differs from the petitioner in *Solomon*, who tried to immediately call the clerk's office when he got the chance and completed his habeas petition within a month of being sent back to his original prison. Further, a defendant's "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452 (6th Cir. 2012). In summary, McGee has not demonstrated any viable ground for equitable tolling and his habeas petition is time-barred.

## III.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336; 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Under this standard, a Certificate of Appealability will not be issued. McGee has not alleged any circumstances that would justify equitable tolling of the limitations period. Jurists of reason would not find this Court's procedural determination fairly debatable. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant/Movant Demetrius McGee's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 84] is **DENIED**.

2. A Certificate of Appealability shall not issue.

Dated: August 21, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky