UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) | Criminal Action No. 5: 16-095-DCR |
| V. | ) ) | |
| DEMETRIUS DIOR MCGEE, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Demetrius McGee has filed a motion to alter, amend, or vacate this Court's judgment entered August 21, 2019. His motion is based upon either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. [Record No. 90] However, McGee cannot meet the standard to alter, amend, or vacate the judgment under either rule. As a result, his motion will be denied.

**I.**

McGee pleaded guilty on March 21, 2017, to conspiring to distribute methamphetamine, heroin, fentanyl, and furanylfentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 41] On July 25, 2017, he was sentenced to a 121-month term of imprisonment, to be followed by a 5-year term of supervised release. [Record No. 59] McGee did not appeal his conviction or sentence.

In February 2019, McGee filed *a pro se* motion requesting leave to file an untimely § 2255. [Record No. 82] He asserted that he could establish good cause for an extension of time based on excusable neglect because he was transferred to multiple prisons, did not have access

to his legal documents, and did not have access to the courts. [*Id*.] The Court denied his motion because "the court [could] not consider the timeliness of a § 2255 motion until the petition [was] actually filed." [*Id*. (internal citations omitted)]

McGee then filed a motion to vacate under 28 U.S.C. § 2255 on August 13, 2019, which this Court denied because it was untimely and no ground for equitable tolling applied. [Record Nos. 84. 87] He has now filed a motion to alter or amend and to vacate the denial of his § 2255 under Rules 59 and 60 of the Federal Rules of Civil Procedure. [Record No. 90] McGee contends that he did not have notice or the opportunity to present arguments on the timeliness of his § 2255.

McGee noted that he "expressly reserved his arguments on the timeliness issue pending a challenge, if any, from the government." [*Id*.] He additionally explains that he would have argued that his motion was timely based on the United States Supreme Court decision in *Garza v. Idaho*, 139 S. Ct. 738 (2019).

I.

**A.    Rule 59**

Although the Federal Rules of Civil Procedure do not apply directly to criminal cases, courts review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e). *See United States v. Holland*, No. 6: 05-030-DCR, 2016 U.S. Dist. LEXIS, at *1 (E.D. Ky. March 15, 2016) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). To succeed under this rule, a party must demonstrate either a clear error of law, newly discovered evidence, an intervening change in controlling law, or that relief is necessary to prevent manifest injustice. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). A party may not use such a motion "to raise arguments which could, and should,

have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

A district court may *sua sponte* consider the timeliness of a habeas petition if "the parties have fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). McGee cites *Shelton v. United States*, 800 F.3d 292, 293-95 (6th Cir. 2015), for the proposition that the Court cannot *sua sponte* dismiss his habeas petition. The United States Court of Appeals for the Sixth Circuit concluded in *Shelton* that it was improper for the district court to dismiss the defendant's § 2255 at the initial screening stage where the defendant was not on notice and had not had the opportunity to address the timeliness of his petition. *Id*. at 294-95.

This case differs from *Shelton* because McGee had previously included reasons for why he had not timely filed a § 2255 and then when he filed his § 2255 he chose not to address the timeliness of his petition. He explained six months before filing his § 2255 that he could establish good cause for an extension because: he (1) was transferred to multiple prisons; (2) did not have access to have legal documents; and (3) did not have access to the courts. [Record No. 82] The Court considered each of these arguments when addressing the timeliness of his § 2255 petition. McGee was clearly on notice that his petition was untimely when he filed his motion for leave to file an untimely § 2255 and presented his arguments on the timeliness of his petition. *See Bass v. Rewarts*, No. 2:18-CV-13149, 2018 U.S. Dist. LEXIS 180295 (E.D. Mich. Oct. 22, 2018) (concluding the petitioner had the opportunity to address the limitations issue when he "acknowledged the statute of limitations issue in his habeas corpus petition, admitting that the petition was untimely, but arguing that he was entitled to equitable tolling of the statute of limitations"). Further, McGee chose not to discuss the timeliness of his

- 3 -

petition in his actual § 2255.  This case is similar to *Stewart v. Harry* where the Sixth Circuit concluded that the district court's *sua sponte* dismissal was not improper because Stewart had presented his position on timeliness in his habeas petition and the Court considered it when dismissing his petition.  No. 17-1494, 2017 U.S. App. LEXIS 27996, *2-3 (6th Cir. Nov. 21, 2017).  Here, McGee was on notice of the timeliness issue and previously presented arguments for why he should be allowed to file an untimely § 2255.

McGee's reference to *Garza v. Idaho* does not change the Court's decision on the timeliness of the defendant's § 2255 because the case was not made retroactive on collateral review.  The Supreme Court in *Garza* concluded that the presumption of prejudice when an attorney's deficient performance costs a defendant an appeal that he otherwise would have pursued applies regardless of whether the defendant signed an appeal waiver.  139 S. Ct. at 742.  But *Garza* did not announce a new rule of constitutional law and the Supreme Court did not expressly make it retroactive or demonstrate retroactivity through a combination of cases dictating that it is retroactive.  *In re Sanchez*, No. 19-11288-B, 2019 U.S. App. LEXIS 13242, *4-5 (11th Cir. May 1, 2019).  Accordingly, the defendant cannot rely upon *Garza* to circumvent the one-year statute of limitations set forth in 28 U.S.C. § 2255(f).

In summary, McGee has not shown a clear error of law, newly discovered evidence, an intervening change in controlling law, or the need to prevent manifest injustice.  Accordingly, his motion to alter or amend under Rule 59(e) will be denied.

    **B.**    **Rule 60**

McGee asserts in the alternative that the Court should grant his motion under Rule 60(b) of the Federal Rules of Civil Procedure.  A Rule 60(b) motion may be granted where the movant demonstrates:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). McGee argues that this Court should vacate the judgment as void because "federal district courts lack power to decide issues that are not a case or controversy before the court by virtue of being raised by one of the parties or by the court pursuant to an order to show cause." McGee is incorrect. As the Court explained earlier, the Court may consider *sua sponte* the timeliness of a habeas petition as long as the defendant has had notice and the opportunity to present his arguments. Accordingly, it is hereby

**ORDERED** that Defendant Demetrius McGee's motion to alter, amend, or vacate, the Court's August 21, 2019 judgment [Record No. 90] is **DENIED**.

Dated: September 6, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky