UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 16-095-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DEMETRIUS DIOR MCGEE, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

On March 21, 2017, Defendant Demetrius McGee pleaded guilty to conspiring to distribute methamphetamine, heroin, fentanyl and furanylfentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 41]  He was sentenced on July 25, 2017, to a 121-month term of imprisonment, to be followed by a 5-year term of supervised release.  [Record No. 59] McGee has now filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 92]

McGee seeks a reduction, claiming that he is "particularly vulnerable to [COVID-19] infection" and there has been a "significant number of confirmed cases" in prisons nationwide. [Record No. 92, pp. 1, 3]  He requested relief from the warden of his facility on two occasions, but those requests were denied.  [Record No. 92-1, pp. 1, 5]  The warden concluded, in relevant part, that McGee's "legitimate concerns and fears about the spread and effects of [COVID-19] . . . [did] not currently warrant an early release from [McGee's] sentence."  [*Id.* at p. 5] However, McGee fears that a COVID-19 infection could be "debilitating for [him] as [he] suffer[s] from multiple health issues including prediabetes, hyperglycemia, sleep apnea . . .,

- 1 -

and morbid obesity." [Record No. 92, p. 3] Specifically, he argues that the "possibility" of contracting COVID-19 and "suffering severe future complications indeed presents extraordinary and compelling reasons" that warrant a sentence reduction. [*Id.* at p. 5]

"The compassionate-release statute allows a district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support the reduction." *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *3 (6th Cir. Aug. 19, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). A court may grant the "extraordinary remedy" of compassionate release only if it finds that each of these criteria are satisfied. *United States v. Williams*, 2020 WL 5511554, at *2 (E.D. Mich. Sept. 14, 2020).

To determine whether "extraordinary and compelling reasons warrant" a sentence reduction, the Court first looks to the policy statements promulgated by the United States Sentencing Commission. *See* 18 U.S.C. § 944(t) (directing the Commission to promulgate policy statements for the modification provisions of § 3582(c)(1)(A)(i)). The application notes to the United States Sentencing Guidelines Manual, section 1B1.13, set forth four narrow categories of extraordinary and compelling reasons that may justify a sentence reduction: "medical condition of the defendant," "age of the defendant," "family circumstances," or "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1. While McGee does not specifically refer to any of these categories, he mentions his medical condition and age, and relies on decisions of courts outside of this district concluding that the COVID-19 pandemic is an "other reason[]" that justifies relief. [Record No. 92, pp. 2-3]

The policy statements provide detailed criteria for finding that "medical condition of the defendant" justify a reduction, such as where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n. 1(A).

Upon review, the undersigned concludes that McGee has not shown that he is suffering from a medical condition that would warrant relief.  The policy statements define extraordinary and compelling reasons by reference to current debilitating illnesses.  McGee does not allege that he suffers from an illness that impairs his ability to care for himself.  Instead, he fears that his current manageable conditions will intensify the symptoms of COVID-19, should he become infected.  Of McGee's current conditions, only obesity is recognized by the Centers for Disease Control and Prevention ("CDC") as an "underlying medical condition[]" that may "increase the risk for severe illness from COVID-19."[1]  *See United States v. Fox*, No. 1:18-CR-00390, 2020 WL 5513912, at *2 (N.D. Ohio Sept. 14, 2020) (denying compassionate release where a prediabetic inmate "d[id] not currently suffer from diabetes").  And obesity

---

[1]     *People with Certain Medical Conditions*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 15, 2020).

presents only the chance that a future infection could be more difficult for McGee than it would be for someone without the underlying condition.  *See also United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission").

Further, McGee primarily relies on his age as it relates to his sensitivity to COVID-19, not as an independent ground for relief.  [*See* Record No. 92, p. 3 (stating that obesity is the "[number one] risk factor for severe illness from COVID-19" for people "under the age of 55").]  Nevertheless, the policy statements recognize that a defendant's age may serve as a ground for relief where a defendant

> (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13 n. 1(B).  McGee is 31 years old and has served only three years of a ten-year sentence.  Thus, he is not entitled to relief due to his age.

The Court also recognizes that "other reasons" may justify relief under § 3582(c)(1)(A)(i) if the Bureau of Prisons determines that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the reasons listed in the policy statements.  U.S.S.G. § 1B1.13 n. 1(D).  McGee seems to suggest that COVID-19 is such a reason.  He asks the Court to rely on *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020), to grant him relief.  In that case, the district court found that it "ha[d] discretion to assess whether [the defendant] present[ed] 'extraordinary and compelling reasons' for his release outside of those listed in the

non-exclusive criteria of subsections (A)-(C) of the old policy statement." *Id.* at *6. But this Court has expressly resisted defendants' invitations to "specify 'other reasons' for relief that are not determined by the [Bureau of Prisons, ("BOP")]," and McGee has offered no reason that the Court should reconsider its approach. *See United States v. Brummett*, 2020 WL 1492763, at *3 (E.D. Ky. Mar. 27, 2020); *United States v. Washington*, 2019 WL 6220984, at *1-2 (E.D. Ky. Nov. 21, 2019).

The policy statements, as promulgated, interpret a statute that has since been amended. It is true that "[w]hen the Commission wrote its policy statement, a motion could reach the court only through the BOP." *Rodriguez*, 2020 WL 1627331, at *5. And the "other reasons" provision could be interpreted as a "flexible catchall provision" for the BOP to take the position, in an appropriate case, that circumstances other than those mentioned in the policy statements were extraordinary and compelling. *Id.* Now, § 3582 has been amended to allow a prisoner to bring their petition directly to court. First Step Act of 2018, Pub. L. 115-391, § 603(b)(1), 132 Stat 5194. Thus, to determine whether a prisoner's petition should be granted, a court currently looks to policy statements that assumed the petition would not be brought by the prisoner.

But the undersigned disagrees that this discrepancy requires it to adopt the position urged by McGee. This Court has repeatedly "endorsed the continued authority of U.S.S.G. § 1B1.13 after the Act's passage," and it disagrees that a court may independently define extraordinary and compelling circumstances simply because the Act made it less likely that the BOP will ask it to. *Washington*, 2019 WL 6220984, at *1-2 (citing *United States v. Lake*, 2019 WL 4143293, at *2-3 (E.D. Ky. Aug. 30, 2019)). The catchall provision is not embodied

in § 3582, and the Court has no trouble applying the policy statements in light of the amendments.

In summary, the Court understands and appreciates McGee's concerns.  As he points out, a number of individuals have tragically succumbed to COVID-19 while serving terms of incarceration.  [Record No. 92, p. 1]  But McGee is not suffering from a current debilitating illness, and he acknowledges that he owes a "debt to society" for the harm he has done.  [*Id.* at p. 5]  Therefore, unless and until his circumstances justify relief from incarceration, he must serve the remainder of his sentence.

Accordingly, it is hereby

**ORDERED** that the defendant's motion for a sentence reduction [Record No. 92] is **DENIED**.

Dated:  September 15, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 6 -