UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Criminal Action No. 5: 16-095-DCR |
| V. | ) ) | |
| DEMETRIUS DIOR MCGEE, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Demetrius McGee is currently serving a 121-month term of imprisonment for violations of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 59] The Bureau of Prisons estimates that he will be released on June 28, 2025.[1] McGee has now filed a second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c).[2] [Record No. 94] The motion will be denied because he has failed to demonstrate that either extraordinary and compelling reasons support s sentence reduction or that the factors listed in 28 U.S.C. § 3553(a) favor the relief sought.

McGee first moved for a sentence reduction on September 11, 2020, claiming that various medical conditions placed him at an increased risk for COVID-19 infection. [Record No. 92] He also suggested that he was much more likely to contract COVID-19 in prison, and that these circumstances constituted extraordinary and compelling reasons for a sentence

---

[1] *Inmate Locator*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed May 26, 2021).

[2] The Court will construe McGee's "Memorandum in Support to Modify Sentence of Imprisonment" as a motion for a sentence reduction, although it is not docketed as a motion.

- 1 -

reduction. [*Id.*] The Court found that his arguments were without merit. Specifically, McGee failed to allege that he was suffering from a "current debilitating illness," as opposed to a purely speculative one, that would entitle him to relief under the policy statements contained in United States Sentencing Guidelines § 1B1.13. [Record No. 93, pp. 3-4] Moreover, the Court refused McGee's request to find that the COVID-19 pandemic itself was extraordinary and compelling as a "reason other than, or in combination with" the reasons listed in the policy statements ("the other reasons policy statement").[3] [*Id.* at pp. 4-5 (quoting U.S.S.G. § 1B1.13 cmt. n. 1(D))]

McGee's current motion again relies exclusively on the catch-all, "other reasons" policy statement. This time, McGee claims that it is the BOP's *response* to the COVID-19 pandemic that allegedly entitles him to a reduction. He suggests that he has been subjected to a "Prolonged Period of Incarceration in Restrictive Housing Resulting in an Atypical and Significant Hardship . . . as a result of COVID-19 and the BOP's concomitant modified operations." [Record No. 94, p. 6] This caused him to be "deprived" of the following activities: "(1) therapeutic recreation; (2) family visitation; (3) exercise; (4) meaningful educational programming; (5) congregate religious programming; and (6) social, physical and environmental stimuli." [*Id.* at p. 8] This is problematic, McGee asserts, because "an overwhelming body of scientific research supports the conclusion that prolonged restrictive housing presents dangerous risks to an inmate's physical and mental health." [*Id.* at p. 7] Thus, he requests a reduction of his sentence "to reflect 2-days for every day served in 'modified

---

[3] At the time, this Court endorsed the binding authority of the policy statements and refused to "independently defined extraordinary and compelling circumstances." [Record No. 93, p. 6]

operations'," beginning on March 1, 2020, and continuing through the present day. [*Id.* at p. 11]

Since McGee last moved for a sentence reduction, the Sixth Circuit has issued several opinions clarifying the analytical framework for evaluating a prisoner-filed motion under § 3582(c). To grant a motion for a sentence reduction, the Sixth Circuit has held that a court "must determine that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021). If such a finding is made, a "court *may* grant the motion after considering all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." [4] *Id.* (emphasis in original). And, most importantly for present purposes, it has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Rather, courts "have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* at 519-20.

McGee has directly invoked that discretion by relying on other reasons for a sentence reduction. [Record No. 94, p. 6] He asks the Court to expand the definition of extraordinary and compelling reasons for a sentence reduction to include the BOP's response to the COVID-

---

[4]   Section 3582(c)(1)(A) also contains an exhaustion requirement: a prisoner must wait to file a motion until he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." McGee made such a request to the warden of his facility on April 28, 2021. [Record Nos. 94, p. 4; 94-1] Although he did not wait 30 days to file his motion, the Sixth Circuit has held that the exhaustion requirement is not jurisdictional, but is instead a mandatory claims-processing rule that must be raised by a party before it affects a court's ability to rule on a motion. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Thus, the Court proceeds to the merits of McGee's motion.

19 pandemic. But while the Sixth Circuit has placed no limit on the Court's discretion to define the terms, McGee's definition finds no support in either § 3582(c) or the policy statements.[5] The statute does not contemplate a motion based on the conditions of an inmate's confinement. Neither do the policy statements, which define extraordinary and compelling reasons in terms of circumstances presenting unique hardships to an individual inmate. *See* U.S.S.G. § 1B1.13 cmt. n. 1(A)-(C).

Nor does the Court conclude or predict that the Sentencing Commission, when given an opportunity to update the policy statements to reflect a prisoner's ability to bring a motion on his or her own initiative, would so dramatically expand the definition of extraordinary and compelling reasons. As McGee recognizes, a conditions-of-confinement claim is traditionally brought in a civil proceeding pursuant to 42 U.S.C. § 1983. [Record No. 94, p. 11]; *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). Thus, there is no reason to provide an additional vehicle to raise such claims under Section 3582(c), and the Court refuses to expand the definition of extraordinary and compelling reasons to allow McGee to challenge the conditions of his confinement.

McGee is correct about one thing: the hardships wrought by the COVID-19 pandemic "were not contemplated by this [C]ourt at the time of the defendant's sentencing many years ago." [Record No. 94, p. 8] And he would be correct to characterize these hardships as extraordinary and compelling. But McGee's argument is that *he* should receive credit for hardships endured by countless individuals, both within the BOP and without. Otherwise,

---

[5]   The Court may "permissively consider" the policy statements' "four categories as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release." *Tomes*, 990 F.3d at 503 n. 1. Considering the policy statements is even more appropriate here because McGee expressly invokes them.

granting his request would mean reducing the sentence of every federal inmate. The Court does not believe that Section 3582(c) was intended to address such generalized grievances. A better definition is this: for an extraordinary and compelling situation to become a reason *for a sentence reduction*, it must, at the very least, impact a prisoner in some unique way. McGee has made not even attempted to differentiate himself from the entirety of the federal inmate population. Therefore, he has not alleged a proper reason for a sentence reduction.

But even if he had, the factors listed in 18 U.S.C. § 3553(a) counsel against a reduction. McGee's offense was extremely serious. He, along with a co-defendant to whom he supplied controlled substances, distributed large quantities of extremely dangerous substances. Over roughly a two-month period alone, McGee sold approximately 14.5 ounces of methamphetamine to a law enforcement source. [Record No. 39, ¶ 3(b)] McGee also sold heroin to law enforcement sources. [*Id.* at ¶ 3(i)] A search of his home revealed heroin, methamphetamine, and mixtures of these substances with fentanyl. [*Id.* at ¶ 3(j)]

McGee's sentence was -- and is -- appropriate to reflect the severity of this conduct. Serving the remainder of the sentence originally imposed will continue to afford adequate deterrence to criminal conduct. This is particularly important here because McGee has demonstrated that release and supervision are not adequate deterrents—he previously continued to sell controlled substances while awaiting trial on Kentucky state drug charges. [*See* Record No. 29, ¶¶ 3(d), 3(i).] Thus, McGee's sentence continues to be sufficient, but not greater than necessary, to accomplish the purposes set forth in § 3553(a), and a sentence reduction would not be appropriate.

Accordingly, it is hereby

**ORDERED** that the defendant's construed motion for a sentence reduction [Record No. 94] is **DENIED**.

Dated: May 28, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky